259-07/MEU/MAM
FREEHILL HOGAN & MAHAR LLP
Attorneys for Plaintiff
AGIOS NECTARIOS SHIPPING S.A.
80 Pine Street
New York, NY 10005
(212) 425-1900
(212) 425-1901 fax
Michael E. Unger (MU 0045)
Manuel A. Molina (MM 1017)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
AGIOS NECTARIOS SHIPPING S.A.,

                          Plaintiff,

  - against –

AZELIE CORPORATION and CARGOBULK
PTE LTD.,

                         Defendants.
-----------------------------------------------------------------x

07-Civ-3801

**VERIFIED COMPLAINT**



JUDGE LYNCH

MAY 15 2007
U.S.D.C. S.D.N.Y.
CASHIERS

      Plaintiff, AGIOS NECTARIOS SHIPPING S.A. (hereinafter "AGIOS"), by its attorneys Freehill, Hogan & Mahar, LLP, as and for its Verified Complaint against Defendants AZELIE CORPORATION ("AZELIE") and CARGOBULK PTE. LTD. ("CARGOBULK"), alleges upon information and belief as follows:

      1.  This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure in that it involves a claim for the breach of a maritime contract of charter party. This case also falls under this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333. Jurisdiction is also proper pursuant to the Court's federal question jurisdiction pursuant to 28 U.S.C. §1331. Federal jurisdiction also exists because the action arises under the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards at 9 U.S.C. §201 *et seq.* and/or the Federal Arbitration Act, 9 U.S.C. §1 *et seq.*

NYDOCS1/283267.1

2. Plaintiff AGIOS is a foreign business entity duly organized and existing under the laws of Panama with an address at c/o Pitiousa Shipping SA, the managers of the vessel M/V AGIOS NECTARIOS I, 43 Vas. Tsitsani Street, Glyfada, Athens, Greece.

3. Defendant AZELIE is a foreign business entity duly organized and existing under the laws of a foreign country with an office and place of business at c/o its manager, Defendant CARGOBULK, 9 Temesak Boulevard, #27-01, Suntec Tower 2, Singapore 0389089.

4. Defendant CARGOBULK is a foreign business entity organized and existing under the laws of a foreign country with an address at 9 Temesak Boulevard, #27-01, Suntec Tower 2, Singapore 0389089.

5. Upon information and belief, Defendants AZELIE and CARGOBULK are alter egos of one another and share offices, officers, directors, shareholders, employees and/or commingle funds, or that one entity so dominates and controls the other that their separate corporate identities have been lost and that they function as a single entity and should be held accountable for the debts of one another.

6. Upon information and belief, Defendant AZELIE is the agent of Defendant CARGOBULK and is in the business of handling, sending and receiving the property of Defendant CARGOBULK.

7. Upon information and belief, Defendant CARGOBULK is the agent of Defendant AZELIE and is in the business of handling, sending and receiving the property of Defendant AZELIE.

8. On or about April 18, 2005, Plaintiff AGIOS, as owner, and Defendant AZELIE, as charterer, entered into a maritime contract of charter party on an amended New York Produce Exchange form for the use and operation of the M/V AGIOS NECTARIOS I.

9. Plaintiff AGIOS duly tendered the M/V AGIOS NECTARIOS I into the service of Defendants AZELIE and CARGOBULK.

10. In April 2005, while under the command of the Defendants, the vessel loaded a full cargo of bagged rice at Bangkok, Thailand, which cargo was to be discharged at Nigeria.

11. The M/V AGIOS NECTARIOS I sailed from Bangkok on May 1, 2001 and arrived at Nigeria on May 28, 2005. Discharge operations commenced on June 4 and were concluded on June 29, 2005.

12. Following discharge, the cargo receivers presented a claim to Plaintiff AGIOS for loss and damage to cargo in the sum of $270,880.59. Plaintiff AGIOS subsequently was compelled to post security by way of a Letter of Undertaking in the sum of $70,000 to prevent the arrest of the vessel being threatened by the Nigerian cargo receivers.

13. Cargo receivers subsequently revised their claim upwards from $270,880.59 to $309,354.13. The loss of and damage to cargo being claimed by the cargo receivers was the responsibility of Defendants AZELIE and CARGOBULK.

14. In December 2006, when the M/V AGIOS NECTARIOS I called again in Nigeria, the Nigerian cargo receivers threatened to re-arrest the vessel. As a result, Plaintiff AGIOS entered into settlement negotiations with cargo receivers, which negotiations culminated with a settlement in the sum of $100,000. Plaintiff AGIOS paid the settlement sum of $100,000 to cargo receivers on January 24, 2007.

15. Despite due demand and in breach of the terms of the charter party, Defendants AZELIE and CARGOBULK have failed and otherwise refused to pay the amount presently due and owing to Plaintiff AGIOS.

16. The subject charter party provides that it is to be governed by English law and all disputes between the parties are to be resolved by arbitration in London. Plaintiff AGIOS expressly reserves herein its right to arbitrate the merits of its claim against AZELIE and CARGOBULK in accordance with the agreement of the parties.

17. Upon information and belief, and after investigation, Defendants AZELIE and CARGOBULK cannot be "found" within this district for the purpose of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims, but Plaintiff is informed that Defendants have, or will shortly have, assets within this District comprising of, *inter alia*, cash, funds, credits, debts, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or for the benefit of the Defendants (hereinafter, "ASSETS"), including but not limited to "ASSETS" at, being transferred through, or being transferred and/or wired to or from banking institutions or such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein.

18. As best as presently can be computed, the total amount sought to be attached pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims by AGIOS against AZELIE and CARGOBULK includes:

(a) The Nigerian cargo receivers claim, which claim Plaintiff AGIOS settled and paid in the amount of $100,000;

(b) Expenses, costs and fees of defending and settling the Nigerian cargo receivers claim in the amount of $12,000.

(c) Interest on the above sums in the amount of $16,674.76, calculated at the rate of 7% per annum, compounded quarterly, for two years, the estimated time it will take to obtain a

final judgment against Defendants AZELIE and CARGOBULK, which interest is recoverable under English law;

(d) Legal fees, arbitrator fees and costs that will be incurred by Plaintiff AGIOS in respect of the London arbitration which are recoverable pursuant to English law, and which, pursuant to the advices of English solicitors, are estimated to be in the sum of $40,000.

**For a total sought to be attached of $168,674.76.**

WHEREFORE, Plaintiff AGIOS NECTARIOS SHIPPING S.A. prays:

a. That process in due form of law according to the practice of this Court in admiralty and maritime jurisdiction issue against the Defendants AZELIE CORPORATION and CARGOBULK PTE. LTD., citing them to appear and answer under oath all and singular the matters alleged, failing which a default will be taken against them in the principal amount of $100,000 plus interest, costs and attorneys fees;

b. That since Defendants cannot be found within this District pursuant to Supplemental Rule B, all tangible or intangible property of the Defendants, up to and including the sum of **$168,674.76** be restrained and attached, including but not limited to any cash, funds, credits, wire transfers, electronic funds transfers, accounts, letters of credit, debts, freights, sub-freights, charter hire, sub-charter hire, and/or other assets of, belonging to, due or for the benefit of the Defendants (collectively "ASSETS"), including but not limited to such "ASSETS" as may be held, received or transferred in its own name or as may be held, received or transferred for its benefit at, through, or within the possession, custody or control

of such banking institutions and/or any such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein; and

c. That this Court retain jurisdiction over this matter for purposes of any subsequent enforcement action as may be necessary; and,

d. For such other, further and different relief as this Court may deem just and proper in the premises.

Dated: New York, New York
May 15, 2007

>FREEHILL HOGAN & MAHAR, LLP
>Attorneys for Plaintiff
>AGIOS NECTARIOS SHIPPING S.A.
>
>By: _____
>Michael E. Unger (MU 0045)
>80 Pine Street
>New York, NY 10005
>(212) 425-1900 / fax (212) 425-1901

## ATTORNEY VERIFICATION

State of New York    )
                     ) ss.:
County of New York   )

      MICHAEL E. UNGER, being duly sworn, deposes and says as follows:

1.     I am a partner with the law firm of Freehill Hogan & Mahar, LLP, attorneys for Plaintiff in this action, I have read the foregoing Verified Complaint and know the contents thereof, and the same is true to the best of my knowledge, information and belief.

2.     The sources of my information and the grounds for my belief are communications, information and documentation provided by our client.

3.     The reason this verification is made by an attorney and not by the Plaintiff is because the Plaintiff is a foreign entity, none of whose officers are presently within this Judicial District.

                                                                             _____
                                                                               Michael E. Unger

Sworn to before me this
15th day of May, 2007.

_____
Notary Public

MELISSA COLFORD
Commissioner of Deeds
City of New York-No. 5-1692
Certificate Filed in New York
Commission Expires 4/1/ 08